UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 4:05cv31AS |
| GERALDINE LIVINGSTON and TAISSA LIVINGSTON, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM, ORDER AND OPINION**

This matter is before the Court on the Motion for Default Judgment filed by Plaintiff, Sun Life Assurance Company of Canada. Plaintiff moves this Court pursuant to Fed. R. Civ. Pro. 55(b)(2) to enter a default judgment in this matter against Defendant Geraldine Livingston.

Plaintiff served its Complaint and Summons on Defendant Geraldine Livingston on June 17, 2005 and proof of service was filed with this Court. (Docket No. 6) (Return of Executed Summons). Defendant failed to respond within twenty days after being served with the Summons and Complaint as required by Fed. R. Civ. Pro. 12(a)(1)(A). Defendant has, as of this date, failed to enter an appearance in this case or respond to Plaintiff's Complaint in any way. Accordingly, a Clerk's Entry of Default was entered against Defendant on July 25, 2005.

In support of its motion, Plaintiff states that: (1) The decedent, Jesse Livingston, was a participant in an employee welfare plan sponsored and maintained by his employer Oconomowoc Residential Programs, Inc. ("ORP"); (2) Among other things, this plan provided for the payment of death benefits to the duly authorized beneficiaries of the plan participants. The plan was funded by a group policy of insurance issued by Sun Life. The amount of death benefits

available for the beneficiaries of the decedent was $22,000 and the amount of accidental death benefits was an additional $22,000; (3) The decedent enrolled in the plan on March 27, 2002, at which time he designated Defendant Geraldine Livingston as his primary beneficiary and Defendant Taissa Livingston as his secondary beneficiary; (4) Defendants have made disputed claims for death benefits and accidental benefits and Plaintiff is unsure as to the proper beneficiaries; and, as such, there is the potential for multiple liability on the part of Plaintiff; and (5) Defendant Geraldine Livingston is incarcerated in the Tippecanoe County Jail located in Lafayette, Indiana.

In light of the above and the filings and record of this case, the Plaintiff's Motion for Default Judgment is **GRANTED**. The following is now ordered by this Court:

1) Plaintiff is granted leave to deposit the death and accidental death benefits with the Clerk of this Court;

2) Plaintiff has discharged all of its liability to Defendant Geraldine Livingston under the aforesaid Life Insurance Plan and Life Insurance Policy by virtue of the death of Jesse Livingston; and

3) Defendant Geraldine Livingston is hereby enjoined from making any further claims for benefits against Sun Life or the Plan and from pursuing any further action against Sun Life and the Plain arising out of the death of Jesse Livingston.

**SO ORDERED.**

Date: September 15, 2005            _____S/ ALLEN SHARP_____
                                    ALLEN SHARP, JUDGE
                                    UNITED STATES DISTRICT COURT