UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, ) | |
| Plaintiff, ) | |
| v. ) | Civil No. 4:05cv31AS |
| GERALDINE LIVINGSTON and TAISSA LIVINGSTON, ) | |
| Defendants. ) | |
| TAISSA LIVINGSTON, ) | |
| Cross-Claimant, ) | |
| v. ) | |
| GERALDINE LIVINGSTON Cross-Defendant. ) | |

**MEMORANDUM, ORDER AND OPINION**

This matter is before the Court on the Motion for Default Judgment filed by Defendant and Cross-Claimant, Taissa Livingston. Cross-Claimant moves this Court pursuant to Fed. R. Civ. P. 55(b)(2) to enter a default judgment in this matter against Defendant Geraldine Livingston.

Plaintiff served its Complaint and Summons on Defendant Geraldine Livingston on June 17, 2005 and proof of service was filed with this Court. (Docket No. 6) (Return of Executed Summons). Defendant failed to respond within twenty days after being served with the Summons and Complaint as required by Fed. R. Civ. P. 12(a)(1)(A). Defendant has, as of this date, failed to enter an appearance in this case or respond to Plaintiff's Complaint in any way. Accordingly, a Clerk's Entry of Default was entered against Defendant on August 15, 2005.

In support of its motion, Plaintiff states that: (1) The decedent, Jesse Livingston, was a

participant in an employee welfare plan sponsored and maintained by his employer Oconomowoc Residential Programs, Inc. ("ORP"); (2) Among other things, this plan provided for the payment of death benefits to the duly authorized beneficiaries of the plan participants. The plan was funded by a group policy of insurance issued by Sun Life. The amount of death benefits available for the beneficiaries of the decedent was $22,000 and the amount of accidental death benefits was an additional $22,000; (3) The decedent enrolled in the plan on March 27, 2002, at which time he designated Defendant Geraldine Livingston as his primary beneficiary and Defendant Taissa Livingston as his secondary beneficiary; and (4)

In light of the above and the filings and record of this case, the Cross-Claimaint's Motion for Default Judgment is **GRANTED**. The following is now ordered by this Court:

1) That Defendant and Cross-Defendant Geraldine Livingston receive no death benefits or accidental death benefits due from Plaintiff arising from death of the Decedent and now on deposit with the Clerk of this Court.

2) That Defendant and Cross-Defendant Geraldine Livingston is declared a constructive trustee of death benefits and accidental death benefits payable by Plaintiff and now on deposit with the Clerk of this Court.

3) That Defendant and Cross-Claimant Taissa Livingston as designated secondary beneficiary receive all death benefits and accidental death benefits due and payable by Plaintiff arising from the death of the Decedent and now on deposit with the Clerk of this Court.

**SO ORDERED.**

Date: September 19, 2005         _____S/ ALLEN SHARP_____
                                 ALLEN SHARP, JUDGE
                                 UNITED STATES DISTRICT COURT